IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>    v.<br><br>ROBERTO BRUNO ALICEA, Jr., and<br>JOHNNY SANCHEZ MALDONADO,<br><br>    Defendants. | CRIMINAL NO. 06-090 (JAG) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE: RULE 11(c)(1)(B) GUILTY PLEA HEARING**

**I.    Procedural Background**

On March 15,  2006 defendants Roberto Bruno Alicea, Jr. and Johnny Sanchez Maldonado were charged in a one-count indictment.  They agree to plead guilty to that Count.

Count One charges that Mr. Bruno and Mr. Sanchez, on or about August 16, 2005, aiding and abetting each other, did knowingly and in reckless disregard for the fact that an alien had come to, entered, and remained in the United States in violation of law, did transport and move said alien within the United States, that is, from Manati  to San Juan, Puerto Rico, all in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii) and 1324(a)(1)(A)(v)(II).

Defendants appeared before me, assisted by the court interpreter,  on March 20, 2007, since the Rule 11 hearing was referred by the court.  See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant).  They were advised of the purpose of the hearing and placed under oath with instructions that their answers must be truthful lest they would subject themselves to possible charges of perjury or making a false statement.

USA v. Roberto Bruno Alicea, Jr. and Johnny Sanchez Maldonado
**Report and Recommendation**
**Page 2**

## II.      Consent to Proceed Before a Magistrate Judge

Defendants were provided with Waiver of Right to Trial by Jury forms, which they signed.
[1] Although the defendants do not read English, they confirmed that their attorneys translated the contents of the form to them.  They were advised of their right to hold all proceedings, including the change of plea hearing, before a district judge.  They received an explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge.  They were informed that if they elected to proceed before a magistrate judge, then the magistrate judge will conduct the hearing and prepare a report and recommendation, subject to review and approval of the district judge, advising  how to proceed.  The defendants then voluntarily consented to proceed before a magistrate judge.

## III.      Procedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations.  Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernandez-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).  "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)).  There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. Cotal-Crespo, 47 F3d at 4 (citing United States v. Allard, 926 F2d 1237, 1244 (1st Cir. 1991)).

### A.      Competence to Enter a Guilty Plea

This magistrate judge questioned the defendants about their age, education, employment, history of any treatment for mental illness or addiction,  use of any medication, drugs, or alcohol, and

---

[1]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

USA v. Roberto Bruno Alicea, Jr. and Johnny Sanchez Maldonado
**Report and Recommendation**
**Page 3**

understanding of the purpose of the hearing, all in order to ascertain their capacity and ability to understand, answer and comprehend the change of plea colloquy. The court confirmed that the defendants received the indictment and fully discussed the charges with their respective counsel and were satisfied with the advice and representation they received. The court further inquired whether defendants' counsel or counsel for the government had any doubt as to their capacity to plead, receiving answers from all that the defendants were competent to enter pleas. After considering the defendants' responses, and observing their demeanor, a finding was made that both defendants were competent to plead and fully aware of the purpose of the hearing.

      **B.**    <u>**Maximum Penalties**</u>

      Upon questioning, the defendants expressed their understanding of the maximum penalties prescribed by statute for the offense to which they were pleading guilty, namely: a term of imprisonment of not more than five (5) years, and a fine of not more than two hundred fifty thousand dollars ($250,000.00), or both. The defendants also understood that they could be sentenced to a term of supervised release of not more than three (3) years and that a Special Monetary Assessment of $100.00 each would be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, <u>United States Code</u>, §3013(a). The court explained the nature of supervised release and the consequences of revocation. The defendants indicated that they understood the maximum penalties for Count One and the potential consequences of the guilty plea.

      **C.**    <u>**Plea Agreement**</u>

      Mr. Bruno and Mr. Sanchez were shown their respective Plea Agreements, which are part of the record, and each identified his initials on each page and their signatures on pages 7, 8 and 9. Each confirmed that he had the opportunity to read and discuss the Plea Agreement with his attorney before he signed it, that it represented the entirety of his understanding with the government, that he understood its terms, and that no one had made any other or different promises or assurances to induce him to plead guilty. Although the defendants do not read English, they confirmed that their attorneys translated the Plea Agreement into the Spanish language.

USA v. Roberto Bruno Alicea, Jr. and Johnny Sanchez Maldonado
**Report and Recommendation**
**Page 4**

The defendants were admonished, pursuant to Fed. R. Crim. P. 11(c)(1)(B), and expressed their understanding, that the terms of the Plea Agreements are merely recommendations to the court, and that the district judge who will preside over the sentencing hearing can reject the recommendation without permitting the defendants to withdraw their guilty pleas, and impose a sentence that is more severe than the defendants might anticipate.

The parties' sentencing calculations and recommendations appear at pages three and four of the respective Plea Agreements, and were explained in open court. In particular, Mr. Bruno's agreed upon Base Offense Level ("BOL") is Twelve (12) pursuant to U.S.S.G. §2L1.1; pursuant to U.S.S.G. §3E1.1(a), a decrease of Two (2) levels is agreed for acceptance of responsibility. Based on these Guideline sentencing factors, the agreed Total Offense Level is Ten with a Guideline range of six (6) to ten (10) months imprisonment, assuming a Criminal History Category of I. The parties agreed to recommend a sentence of three years probation, with a special condition of home detention for six months.

Mr. Sanchez's agreed upon BOL is Twelve (12) pursuant to U.S.S.G. §2L1.1; a Three level reduction for role in the offense was agreed upon pursuant to U.S.S.G. 3B1.2; pursuant to U.S.S.G. §3E1.1(a), a decrease of Two (2) levels is agreed for acceptance of responsibility. Based on these Guideline sentencing factors, the agreed Total Offense Level is Seven with a Guideline range of zero (0) to six (6) months imprisonment, assuming a Criminal History Category of I. The parties agreed to recommend a sentence of two (2) years probation.

No stipulation was made as to Criminal History Category as to either defendant. The defendants confirmed that these were the sentencing recommendations they agreed to with the government.

The defendants were specifically informed that any sentencing calculations contained in the Plea Agreements were not binding for the sentencing court, but were only estimates of possible terms, and that the court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate in the Plea Agreements or provided by counsel, and that the

USA v. Roberto Bruno Alicea, Jr. and Johnny Sanchez Maldonado
**Report and Recommendation**
**Page 5**

court had authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines.  The defendants were advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at 18, United States Code, Section 3553(a).

The defendants were advised that under some circumstances they or the government may have the right to appeal the sentence the court imposes.  The defendants were further informed, and professed to understand,  that the Plea Agreements each contain a waiver of appeal provision under which the defendant agreed to waive the right to appeal the judgement and sentence if the court accepts the Plea Agreement and sentences him according to its terms and conditions.

### D.     Waiver of Constitutional Rights

The defendants were specifically advised that they have the right to persist in a plea of not guilty, and if they do so persist that they have the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and the government so agree; that at trial they would be presumed innocent and the government would have to prove guilt beyond a reasonable doubt; that they would have the right to assistance of counsel, and if they could not afford attorneys the court would appoint each one to represent him throughout all stages of the proceedings; that at trial they would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless they voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on their behalf.  They were further informed that if they decided not to testify or put on evidence at trial, their failure to do so could not be used against them, and that at trial the jury must return a unanimous verdict before they could be found guilty.

The defendants specifically acknowledged understanding these rights, and understanding that by entering a plea of guilty there would be no trial and they will be waiving or giving up the rights that the court explained. The defendants' attorneys both attested that they explained these rights to their respective clients and believed that the defendants understood the explanations.

**USA v. Roberto Bruno Alicea, Jr. and Johnny Sanchez Maldonado**
**Report and Recommendation**
**Page 6**

The defendants were informed that parole has been abolished and that any sentence of imprisonment must be served.  Defendants were additionally informed that a pre-sentence report would be prepared and considered by the district judge at sentencing, and that the defense and the government would be allowed to  correct or object to any information contained in the report which was not accurate. Defendants were admonished that their guilty pleas, if accepted, may deprive them of valuable civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm.   The defendants confirmed that they understood these consequences of pleading guilty.

### E.      Factual Basis for the Guilty Plea

Defendants were read the indictment in open  and were provided an explanation of the elements of the offense. The meaning of terms used in the indictment was explained.

Upon questioning, the government presented to this magistrate judge and to defendants a summary of the basis in fact for the offense charged in Count One and the evidence the government had available to establish, in the event either defendant elected to go to trial, that defendant's guilt beyond a reasonable doubt.   The defendants were able to understand this explanation and agreed with and admitted to the government's submission as to the evidence which could have been presented at trial.

### F.      Voluntariness

The defendants indicated that they were not being induced to plead guilty, but were entering their pleas freely and voluntarily because in fact they are guilty, and that no one had threatened them or offered a thing of value in exchange for a guilty plea.   They acknowledged that no one had made any different or other promises in exchange for the guilty pleas, other than the recommendations set forth in the Plea Agreements.   Throughout the hearing the defendants were able to consult with their respective attorneys.

USA v. Roberto Bruno Alicea, Jr. and Johnny Sanchez Maldonado
**Report and Recommendation**
**Page 7**

IV.   <u>**Conclusion**</u>

The defendants, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered  pleas of guilty as to Count One of the indictment.

After cautioning and examining the defendants under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendants, Roberto Bruno Alicea, Jr. and Johnny Sanchez Maldonado, are both competent to enter guilty pleas, aware of the nature of the offense charged and the maximum statutory penalties that it carries, understand that the charge is supported by evidence and a basis in fact, have admitted to the elements of the offense, and have each done so in an intelligent and voluntary manner with full knowledge of the consequences of the guilty plea.  Therefore, I recommend that the court accept the guilty pleas and that the defendants be adjudged guilty as to Count One of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. §636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.   Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by the district court. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

A sentencing hearing will be set by the district judge.

**IT IS SO RECOMMENDED.**

San Juan, Puerto Rico, this 21st  day of March, 2007.


                              <u>**S/Bruce J. McGiverin**</u>
                              BRUCE J. McGIVERIN
                              United States Magistrate Judge